IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT CLARKSBURG

THE KAY COMPANY, LLC;
H. DOTSON CATHER, Trustee
of Diana Goff Cather Trusts; and
JAMES E. HAMRIC III, and all other
persons and entities similarly situated,

        Plaintiffs,

v.                                                                              CIVIL ACTION NO. 1:13-cv-151(Keeley)
                                                                                         Electronically Filed May 31, 2013

EQT PRODUCTION COMPANY, a
Pennsylvania Corporation; and EQT
CORPORATION, a Pennsylvania Corporation,

        Defendants.

## NOTICE OF REMOVAL

NOW COME Defendants EQT Production Company ("EQT Production") and EQT Corporation ("EQT Corporation")(sometimes collectively referred to herein as "EQT Defendants") by and through their counsel and herewith remove this action from the Circuit Court of Doddridge County, West Virginia to the United States District for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1441, 1453 and 1446. This action is removable based upon diversity of citizenship under the provisions of 28 U.S.C. § 1332.

The EQT Defendants respectfully submit that the class action complaint is properly removable because there is more than $5,000,000 in controversy, exclusive of interest and costs, and the putative class representatives and multiple putative class members are citizens of states different than EQT Defendants. In further support of removal, EQT states as follows:

### *Pleadings and Service*

1. On or about January 16, 2013, Plaintiffs filed a Complaint in the Circuit Court of Doddridge County, West Virginia, which is captioned *The Kay Company, LLC, H. Dotson Cather, Trustee of Diana Goff Cather Trusts and James E. Hamric III, and all other persons similarly situated v. EQT Production Company, a Pennsylvania Corporation and EQT Corporation, a Pennsylvania Corporation* ("State Court Action"). The Complaint is identified by Civil Action No. 13-C-2.

2. A true, certified copy of the entire record from the Circuit Court of Doddridge County, West Virginia, including the Summonses and Complaint, is attached hereto as "Exhibit A" pursuant to 28 U.S.C. § 1446(a).

3. On May 1, 2013, Plaintiff caused the Summonses and Complaint be served upon EQT Defendants through the West Virginia Secretary of State as their designated statutory agent for service of process.

4. On March 6, 2013 the West Virginia Secretary of State caused the Summonses and Complaint to be delivered by certified mail upon EQT Defendants' designated agent for service of process.

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within thirty (30) days of the date on which EQT Defendants were served with or had notice of the filing of the Complaint.

6. In their Complaint, Plaintiffs allege that EQT Defendants breached contractual and fiduciary duties and engaged in misrepresentation related to alleged deductions taken from oil and gas royalty payments. *See* Complaint ¶¶ 36-42.

7. Pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. §§ 1332(d), 1453 and 1711-1715)("CAFA") the term "class action" "…means any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives as a class action." 28 U.S.C. § 1711(2). Plaintiffs filed their complaint as a purported class action under West Virginia's Rule of Civil Procedure Rule 23. *See* Complaint ¶ 9.

## *Venue*

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) in that this Judicial division and district embrace Doddridge County, West Virginia, where the State Court Action was filed.

## *CAFA Jurisdiction*

9. Under the CAFA, this Court has jurisdiction over any class action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and where "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

    A.    **The Amount in Controversy Exceeds $5,000,000**

10. The amount in controversy must be determined by aggregating the alleged damages of named Plaintiffs with those of all purported class members. 28 U.S.C. § 1332(d)(6).

11. In this case, the proposed class consists of "the named Plaintiffs and on behalf of all West Virginia residents and others who have entered into or who are parties or beneficiaries of oil and gas leases with defendants or with others who have assigned the duties and

3

responsibilities of the leases to defendants and/or which have been assumed by defendants, from whom EQT [Defendants have] has wrongfully taken deductions from their oil and gas royalty since December 9, 2008, or otherwise have not paid plaintiffs their royalty which is due them under and pursuant to their leases." *See* Complaint ¶ 9.

12. Upon information and belief, the proposed class, as alleged, seeks to include in excess of ten thousand royalty owners and lessors who currently receive, or have received, rents and/or royalties from EQT Production for leases of oil and gas rights in West Virginia, even though it is believed that some of those owners and lessors reside outside West Virginia.

13. The gravamen of Plaintiffs' claims are that the EQT Defendants damaged the putative class members by wrongfully taking deductions from royalty payments. Although EQT Defendants do not believe that Plaintiffs are entitled to recover as set forth in the Complaint, based upon information contained in the records of EQT Production, EQT Production states that the value of all downstream costs that reduced the purchase price of gas pursuant to EQT's gas purchase agreements for West Virginia wells from December 2008 to present exceeds $5,000,000. It is the value of these downstream costs that Plaintiffs allege were improperly "deducted" from royalties. *See* Affidavit of Paul Schmitt attached hereto as Exhibit B. In addition, Plaintiffs are seeking punitive damages and attorneys' fees.

    **B.** **Minimal Diversity under CAFA Exists**

14. Minimal diversity under CAFA – i.e., diversity between at least putative class member and the only defendant – is satisfied on the following grounds:

    a. EQT Defendants are both corporations of Pennsylvania with their principal places of business located in Pittsburgh, Pennsylvania. *See* Complaint ¶¶ 5-6.

      b.    As Plaintiffs have admitted, H. Dotson Cather, Trustee of Diana Goff Cather Trusts[1] and James E. Hamric III are residents of the State of West Virginia.[2]  *See* Complaint ¶¶ 1-3.

      c.    All that is needed for minimal diversity under CAFA is that one plaintiff and one defendant are citizens of different states.  In this case, all of the named Plaintiffs are residents of West Virginia and diverse of EQT Defendants; and the Complaint makes clear that the putative class is comprised of parties to oil and gas leases with EQT Defendants, unrestricted by state of residence.  *See* Complaint ¶ 9.

      d.    Although CAFA requires only minimal diversity, which clearly exists in this case, there is actually a complete diversity between the named Plaintiffs and EQT Defendants.

**C.    CAFA Jurisdiction is Mandatory in this case.**

15.    28 U.S.C. § 1332(d)(2) provides this Court with original jurisdiction due to the amount in controversy and the diversity of citizenship of at least one plaintiff and one defendant as stated above.

16.    The two statutory exceptions to the original jurisdiction are not applicable to the case at bar on the following grounds:

---

[1] The citizenship of the trusts is determined by the trustees, not the beneficiary.  "A trust is a citizen of the state of which the trustee is a citizen." Moore's Fed. Prac. § 102.57.  *See also Navarro Sav. Ass 'n v. Lee,* 446 U.S. 458, 464-65 (1980); *Johnson v. Columbia Properties Anchorage LP,* 437 F.3d 894, 899 (9th Cir. 2006) (citing *Navarro* in holding that trust is citizen of state where trustee is citizen for purpose of assessing diversity); *May Dep't Stores Co. v. Federal ins. Co.,* 305 F.3d 597, 599 (7th Cir. 2002) (same).

[2] The Complaint does not identify the members of The Kay Company, LLC, but upon information and belief, its member, Chris Thomas is a resident of West Virginia.  Therefore, it is a citizen of West Virginia for purposes of diversity jurisdiction.

      a.    28 U.S.C. § 1332(d)(3), in pertinent part, grants district courts the discretion to "decline to exercise jurisdiction ... over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and* the primary defendants are citizens of the State in which the action was originally filed." Because EQT Defendants are not citizens of the State of West Virginia, this exception is inapplicable.

      b.    28 U.S.C. § 1332(d)(4), in pertinent part, requires district courts to decline jurisdiction "over a class action in which…at least 1 defendant is a defendant…who is a citizen of the State in which the action was originally filed…." Because EQT Defendant are not citizens of West Virginia, this exception is likewise inapplicable.

17.    The allegations in the Complaint provide a sufficient predicate for removal.

18.    The pleadings attached hereto as "Exhibit A" constitute all of the process, pleadings and orders served upon EQT Defendants in this action to date in the State Court Action as required under 28 U.S.C. § 1446.

19.    The EQT Defendants will promptly serve Plaintiffs with this Notice of Removal and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Doddridge County, West Virginia, as required under 28 U.S.C. §1446(d), a copy of which is attached hereto as "Exhibit C."

WHEREFORE, EQT Production Company and EQT Corporation pray that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Doddridge County, West Virginia to the United States District Court for the Northern District of West Virginia.

**EQT PRODUCTION COMPANY
and EQT CORPORATION,**

**By Counsel.**

*/s/  Stephen E. Hastings          5/31/13*
David K. Hendrickson, Esquire (#1678)
Stephen E. Hastings, Esquire (#9065)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia   25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com
shastings@handl.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# AT CLARKSBURG

**THE KAY COMPANY, LLC; H. DOTSON
CATHER, Trustee of Diana Goff Cather Trusts;
and JAMES E. HAMRIC III, and all other
persons and entities similarly situated,**

        **Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. _____

**EQT PRODUCTION COMPANY, a
Pennsylvania Corporation; and EQT
CORPORATION, a Pennsylvania Corporation,**

        **Defendants.**

## CERTIFICATE OF SERVICE

I, Stephen E. Hastings, counsel for defendants, do hereby certify that on the **31st day of May, 2013**, I have served true and exact copies of the foregoing **"Notice of Removal"** upon counsel of record listed below, by placing the same in the United States mail, postage prepaid, addressed as follows:

Marvin W. Masters, Esquire
The Master Law Firm, LC
181 Summers Street
Charleston, West Virginia   25301
*Co-Counsel for Plaintiffs*

Thomas W. Pettit, Esquire
Thomas W. Pettit, LC
P.O. Box 189
Barboursville, West Virginia   25504
*Co-Counsel for Plaintiffs*

Michael W. Carey, Esquire
Robert E. Douglas, Esquire
Carey, Scott, Douglas & Kessler, PLLC
Suite 901 / 707 Virginia Street East
Charleston, West Virginia   25301
*Co-Counsel for Plaintiffs*

        */s/ Stephen E. Hastings        5/31/13*
        Stephen E. Hastings, Esquire (#9065)
        **HENDRICKSON & LONG, PLLC**
        P.O. Box 11070
        Charleston, West Virginia   25339
        (304) 346-5500
        (304) 346-5515 (facsimile)
        shastings@handl.com