# *EXHIBIT A*

THE KAY COMPANY,LLC           vs. EQT PRODUCTION CO.


LINE   DATE   ACTION

   1 01/16/13  FILED CCIS
   2 01/16/13  FILED ORIGINAL COMPLAINT
   3 01/16/13  FILED CERT.OF SRVC. X 2
   4 05/07/13  FILED ACCEPTANCE OF SRVC.BY SECRETARY OF STATE X 2

# SUMMONS

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

THE KAY COMPANY, LLC,
H. DOTSON CATHER, Trustee
of Diana Goff Cather Trusts,
and JAMES E. HAMRIC III,
and all other persons and
entities similarly situated,

DODDRIDGE COUNTY
CIRCUIT COURT

MAY 0 _ 2013

DWIGHT E. MOORE
CIRCUIT CLERK

 Plaintiffs,

v.

Civil Action No. _13 - C - 2_

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
and EQT CORPORATION, ............................................**EQT CORPORATION**
a Pennsylvania corporation,  **Agent:  CT Corporation System**
 **5400 D Big Tyler Road**
 Defendants.  **Charleston, WV  25313**

## To the above-named Defendant: EQT CORPORATION

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon plaintiffs' attorneys, Marvin W. Masters, Michael W. Carey, and Thomas W. Pettit, whose respective addresses are The Masters Law Firm, 181 Summers Street, Charleston, WV, 25301; Carey, Scott, Douglas & Kessler, PLLC, 707 Virginia Street East, Suite 901, Charleston, WV, 25301; and Thomas W. Pettit, L.C., P.O. Box 189, Barboursville, WV, 26301 an Answer including any related Counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, along with "Plaintiffs' First Set of Interrogatories to Defendants" and "Plaintiffs' First Set of Requests for Production of Documents to Defendants." You are required to serve your Answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: _1 - 16 - 2013_  Clerk of Court: _Dwight E. Moore_

4

# SUMMONS

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

THE KAY COMPANY, LLC,
H. DOTSON CATHER, Trustee
of Diana Goff Cather Trusts,
and JAMES E. HAMRIC III,
and all other persons and
entities similarly situated,

DODDRIDGE COUNTY
CIRCUIT COURT

MAY 0 2013

DWIGHT E. MOORE
CIRCUIT CLERK

           Plaintiffs,

v.

Civil Action No. _13-C-2_

EQT PRODUCTION COMPANY, ...........................**EQT PRODUCTION COMPANY**
a Pennsylvania corporation,
and EQT CORPORATION,
a Pennsylvania corporation,

**Agent: CT Corporation System**
**5400 D Big Tyler Road**
**Charleston, WV 25313**

           Defendants.

**To the above-named Defendant: EQT PRODUCTION COMPANY**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon plaintiffs' attorneys, Marvin W. Masters, Michael W. Carey, and Thomas W. Pettit, whose respective addresses are The Masters Law Firm, 181 Summers Street, Charleston, WV, 25301; Carey, Scott, Douglas & Kessler, PLLC, 707 Virginia Street East, Suite 901, Charleston, WV, 25301; and Thomas W. Pettit, L.C., P.O. Box 189, Barboursville, WV, 26301 an Answer including any related Counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, along with "Plaintiffs' First Set of Interrogatories to Defendants" and "Plaintiffs' First Set of Requests for Production of Documents to Defendants." You are required to serve your Answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: _1-16-2013_         Clerk of Court: _Dwight E. Moore_

# IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

THE KAY COMPANY, LLC,
H. DOTSON CATHER, Trustee
of Diana Goff Cather Trusts,
and JAMES E. HAMRIC III,
and all other persons and
entities similarly situated,

        Plaintiffs,

v.

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
and EQT CORPORATION,
a Pennsylvania corporation,

        Defendants.

Civil Action No. 13-C- 2

DODDRIDGE COUNTY
CIRCUIT COURT

JAN 16 2013

DWIGHT E. MOORE
CIRCUIT CLERK

## CERTIFICATE OF SERVICE

    I, Marvin W. Masters, counsel for Plaintiffs, do hereby certify that a true and exact copy of the foregoing "Plaintiffs' First Set of Interrogatories to Defendants" was placed with the Summons and Complaint in the above styled action, and will be served upon Defendants with the Summons and Complaint in accordance with the West Virginia Rules of Civil Procedure, this _____ day of January, 2013.

                    Marvin W. Masters
                    West Virginia State Bar No. 2359

F:\5\903\x1.docx

IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

THE KAY COMPANY, LLC,
H. DOTSON CATHER, Trustee
of Diana Goff Cather Trusts,
and JAMES E. HAMRIC III,
and all other persons and
entities similarly situated,

             Plaintiffs,

v.

                                Civil Action No. 13-C- 2

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
and EQT CORPORATION,
a Pennsylvania corporation,

             Defendants.

**DODDRIDGE COUNTY**
CIRCUIT COURT

JAN 16 2013

DWIGHT E. MOORE
CIRCUIT CLERK

### CERTIFICATE OF SERVICE

I, Marvin W. Masters, counsel for Plaintiffs, do hereby certify that a true and exact copy of the foregoing "Plaintiffs' First Set of Requests for Production of Documents to Defendants" was placed with the Summons and Complaint in the above styled action, and will be served upon Defendants with the Summons and Complaint in accordance with the West Virginia Rules of Civil Procedure, this _____ day of January, 2013.

                                      Marvin W. Masters
                                      West Virginia State Bar No. 2359

F:\5\903\x2.docx

IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

THE KAY COMPANY, LLC,
H. DOTSON CATHER, Trustee
of Diana Goff Cather Trusts,
and JAMES E. HAMRIC III,
and all other persons and
entities similarly situated,

Plaintiffs,

v.

EQT PRODUCTION COMPANY,
a Pennsylvania corporation,
and EQT CORPORATION,
a Pennsylvania corporation,

Defendants.

DODDRIDGE COUNTY
CIRCUIT COURT

JAN 16 2013

DWIGHT E. MOORE
CIRCUIT CLERK

Civil Action No. 13-C-___2___

## COMPLAINT

Now come the plaintiffs and for their Complaint against the defendants allege and aver as follows:

1.     Plaintiff, The Kay Company, LLC, is located in Kanawha County, West Virginia, and at all times relevant herein was owner and lessor of that certain oil and gas lease of record in Lease Book 140 at Page 465, Lease Book 25 at Page 425, and Lease Book 17 at Page 131, in the Offices of the Clerks of the County Commissions of Kanawha, Raleigh and Boone Counties, West Virginia, and believed to be identified as Lease No. 10306 by defendants herein.

2.      Plaintiff H. Dotson Cather, Trustee of Diana Goff Cather Trusts, is a resident of Harrison County, West Virginia, and at all times relevant herein was owner and lessor of those certain oil and gas leases of record in Lease Book 131 at Page 470, and Lease Book 235 at Page 409A, in the Office of the Clerk of the County Commission of Gilmer County, West Virginia, and believed to be identified as Lease No. 15367 by defendants herein.

3.      Plaintiff James E. Hamric III, is a resident of Wood County, West Virginia, and at all times relevant herein was owner and lessor of that certain oil and gas lease of record in Lease Book 154 at Page 50, in the Office of the Clerk of the County Commission of Wirt County, West Virginia, and believed to be identified as Lease No. 9391 by defendants herein.

4.      Defendant EQT Corporation (hereinafter "EQT") conducts its business through three business segments, EQT Production Company, EQT Midstream and Distribution. EQT Production Company (hereinafter "Production") is one of the largest natural gas producers in the Appalachian Basin. EQT Midstream provides gathering, transmission and storage services. EQT distributes its gas through a regulated subsidiary, Equitable Gas Company, LLC.

5.      At all times complained of herein, EQT was a Pennsylvania corporation whose principal place of business was at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania, 15222, licensed to do business in West Virginia, in the business of the management of companies and enterprises including "Production."

2

6.      At all times complained of herein, EQT Production Company was and is a Pennsylvania corporation whose principal place of business was at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania, 15222, and was licensed to do business in West Virginia, whose business included mining and oil and gas extraction.

7.      EQT Corporation (hereinafter "EQT") and EQT Production Company (hereinafter "Production"), by and through their predecessors, subsidiaries and/or partners, leased properties and acquired the leases of properties in West Virginia and prior to and during the times complained of herein said corporations acquired the leases and rights as lessee of plaintiffs' mineral interests in oil and gas on the property as described above.

8.      During the period December 9, 2008 to the present, EQT Corporation and EQT Production Company had the duties and responsibilities to comply with the lease terms and conditions to your plaintiffs, and the two corporations will be hereinafter referred to collectively as "EQT."

9.      This action is brought for individual claims and pursuant to Rule 23 of the West Virginia Rules of Civil Procedure as a class action on behalf of the named plaintiffs and on behalf of all West Virginia residents and others who have entered into or who are parties or beneficiaries of oil and gas leases with defendants or with others who have assigned the duties and responsibilities of the leases to defendants and/or which have been assumed by defendants, from whom EQT has wrongfully taken deductions from their oil and gas royalty since December 9, 2008, or otherwise have not

3

paid plaintiffs their royalty which is due them under and pursuant to their leases.

     10.    Upon information and belief, during the times complained of herein, when EQT and its predecessors owned Production and its subsidiaries:

     a.    EQT owned all of the stock of the Production.

     b.    EQT had common officers and/or directors with Production.

     c.    EQT financed and/or controlled the finances of Production, including its loans.

     d.    EQT, acting by and through its departments' other subsidiaries, which it owns, operates and controls, including Production, arranges for payment of or security for Production's indebtedness, salaries, expenses and losses through shared revenues of all of its subsidiaries.

     e.    Except for sale of oil and gas and its products, Production does business primarily with EQT and its other subsidiaries.

     f.    EQT's subsidiaries' assets are under the control of EQT.

     g.    EQT publicly refers to its subsidiaries as business segments and states that it conducts its business, which includes Production, through three business segments.

     h.    Upon information and belief, the officers and/or directors of Production take direction from EQT for the interest of EQT.

     i.    EQT manages its daily operations through Production and its

subsidiaries.

j.  EQT's assets consist primarily of the assets of its subsidiaries.

k.  EQT finances its subsidiaries and guarantees repayment of its subsidiaries' debt.

11.  At all times complained of herein, EQT owned, operated and controlled Production, the same as if the said corporation was a department of the same, and EQT was and is the alter ego of said defendant.

12.  At all times complained of herein, defendant Production was acting for and on behalf of EQT, and EQT was the alter ego of Production, and EQT is responsible for the acts and conduct of Production which is complained of in this complaint the same as if EQT did the acts complained of.

13.  At all times complained of herein, EQT was acting for and on its own behalf and by and through its agents, servants and employees and also by and through its agent, Production.

14.  EQT defendants and their subsidiaries were agents, servants, employees and partners and/or joint venturers with each other in the exploration, production and sale of natural gas within the State of West Virginia, and had the responsibility to pay plaintiffs all moneys exactly due and owing plaintiffs under and pursuant to the leases above.

15.  For the time period referred to above, each of defendants were responsible to account for the oil and/or gas which was removed from plaintiffs' mineral interest

5

and to pay to plaintiffs all moneys exactly due them.

16.     For the time period referred to above, defendants and each of them were responsible to not withhold moneys from the one-eighth royalty due each of plaintiffs.

17.     Plaintiffs are owners of oil and gas rights in West Virginia, who, or whose predecessors, leased oil and gas rights to defendants.

18.     Defendants agreed, or assumed the responsibility, to pay to plaintiffs a royalty on the gas produced from the wells on the aforesaid leases at the market or fair value or at the amount for which they sold the gas.

19.     EQT entered into a Settlement Agreement with certain royalty owners on January 23, 2009, to pay certain royalty owners and the class for past royalty due, however, EQT continues to take deductions from plaintiffs' royalty which is contrary to their leases and/or as required by law and has failed and refused to pay plaintiffs and the class defined herein for all the royalty due them.

20.     Contrary to their contractual, legal, statutory and common law duties and responsibilities, EQT has and continues to take deductions, reduce plaintiffs' royalty payments, overcharge plaintiffs for the deductions that they do charge plaintiffs, and otherwise reduces plaintiffs' royalty on volume and/or price and/or by taking unauthorized deductions.

21.     Upon information and belief, defendants directly and/or indirectly converted plaintiffs' natural gas to liquids and sold the liquids for money without compensating plaintiffs for said liquids.

22. Defendants have not paid to plaintiffs the royalties as required pursuant to said leases, and continue to not pay plaintiffs the royalty to which they are entitled.

23. Defendants have intentionally failed and refused to pay royalties to plaintiffs at a rate calculated on the fair value of the natural gas produced and marketed from said leases.

24. Defendants had an affirmative duty to pay to plaintiffs the true and correct royalty due them, either by virtue of the lease agreement, by virtue of W. Va. Code Ann. § 22-6-8, and/or by virtue of the contractual duty of good faith and fair dealing in all contracts, and by virtue of the fiduciary duty and responsibility of the lessee in any oil and gas lease who assumes the duty of handling the sales and accounting functions of the parties.

25. As part of the legal responsibilities of defendants, they agreed to and/or had the duty to account for all of the sales of gas from said wells and to accurately account for said wells and to act as a fiduciary for plaintiffs' moneys owed to plaintiffs as a result of royalties due to plaintiffs.

26. Defendants violated said fiduciary responsibility.

27. Defendants intentionally violated their contractual duty to plaintiffs.

28. Defendants concealed, suppressed, and omitted material facts with intent that plaintiffs would rely upon same in connection with the bases for charging plaintiffs for specific services for marketing, transporting and processing and for other service charges associated with the calculation of plaintiffs' royalties and deductions therefrom.

7

29.     Plaintiffs relied upon defendants to truly, accurately, and properly carry out its contractual and fiduciary duties and responsibilities and to account to plaintiffs for payments due to plaintiffs and for any material deductions or reductions in royalty.

30.     As a result of the aforesaid conduct of defendants, plaintiffs were damaged in that they were deprived of and are owed royalty payments from defendants and are owed interest from said deficiencies in said royalty payments.

31.     The acts and conduct of defendants were willful and wanton and in utter disregard of plaintiffs' rights.

32.     At all times complained of herein, defendants were acting for and on their own behalf and as agents, ostensible agents, servants and/or employees of others in the course and scope of their employment, agency and/or ostensible agency.

33.     At all times complained of herein, defendants were acting as conspirators with unnamed persons, firms, and corporations in common goals, schemes, and designs for the goals and purposes as herein alleged and complained of.

34.     At all times complained of herein, defendants entered into a joint venture with others and with unnamed persons, firms and corporations for the goals and purposes as herein alleged and complained.

35.     As a proximate result of defendants' and each of their acts and omissions complained of herein, plaintiffs were damaged as follows:

    a.     Defendants failed to pay them the amount of money due and owed them at the time due.

8

      b.     Plaintiffs lost the use of the money due and owing them pursuant to the defendants' conduct.

      c.     Plaintiffs have been annoyed, inconvenienced and incurred unnecessary costs, expenses and taxation as a consequence of defendants' acts and conduct.

## COUNT I

Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged herein.

36.    Defendants violated and breached their contractual duties and responsibilities to plaintiffs, and plaintiffs were damaged as set out above.

37.    Plaintiffs are entitled to recover all the rents and royalties and other damages which they have been deprived by defendants' breach of contract.

## COUNT II

Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged herein.

38.    Defendants violated their fiduciary duties and responsibilities to plaintiffs as aforesaid, and plaintiffs were damaged as aforesaid.

39.    Plaintiffs are entitled to be paid their rents and royalties and other damages as described above.

9

## COUNT III

Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged herein.

40.     Defendants misrepresented to plaintiffs that defendants were entitled to take deductions from plaintiffs' royalty, take the amount of deductions they took, reduced plaintiffs' royalty payments, overcharged plaintiffs for services, and/or wrongfully claimed plaintiffs' royalty due was less than the amount actually due, thereby denying plaintiffs the rents and royalties to which they were due.

41.     Plaintiffs were damaged by defendants' misrepresentations and fraudulent misconduct in that they were denied rents and royalties under the terms of their leases or as required by law.

## COUNT IV

Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged herein.

42.     The actions of defendants named in this "Complaint" as set forth herein above were done intentionally and with a reckless disregard for the rights of the plaintiffs and others, including the entire class, entitling the plaintiffs and the class to punitive damages for all causes of action alleged herein.

## COUNT V

Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged herein.

10

43.     This civil action is an appropriate case to be brought and prosecuted as a class action by plaintiffs against defendants pursuant to Rule 23 of the West Virginia Rules of Civil Procedure.

44.     There exists a class of individuals like plaintiffs who own oil and/or gas rights in West Virginia and who have entered into leases of those rights and which defendants are the lessees or have been otherwise assigned the rights and responsibilities under and pursuant to said leases.

45.     That subsequent to a previous class action being settled, defendants have continued to take deductions from plaintiffs, and defendants owe plaintiffs money from December 9, 2008, the effective date of the Settlement Agreement.

46.     The claims of plaintiffs are typical of the claims of the class, and the plaintiffs will fairly and adequately protect the interests of the class with respect to the appropriate common issues of fact and law and have hired counsel competent to prosecute said action for and on behalf of the plaintiffs and the class.

47.     The prosecution of this civil action by all plaintiffs in separate actions would create a risk of varying adjudications with respect to individual members of the class, could be dispositive of interests of other members of the class not parties and/or they may impair or impede their ability to protect their interests and/or the defendants have acted or refused to act on grounds generally applicable to the class making declaratory or injunctive relief appropriate for the whole class.

48.     The class includes hundreds of oil and gas lessors in West Virginia who

11

have leased their oil and/or gas rights to defendants, and the class is therefore so numerous that joinder of all members is impracticable.

49. There are questions of law and fact common to the class, including, but not limited to, the following:

a. What are the appropriate deductions that defendants may make, if any, from the rents and royalties under the aforesaid leases?

b. Did defendants intentionally conceal deductions from rent and royalties?

c. Did defendants violate W. Va. Code Ann. §§ 46A-6-101, *et seq.*, by unfairly charging plaintiffs and the class for goods and services in the production, transportation, and sale of the oil and gas?

d. Did defendants fraudulently conceal from plaintiffs and the class the deduction from rents and royalties owed to them?

e. Are plaintiffs entitled to punitive damages from defendants for fraudulent concealment?

f. Are improper deductions from rents and royalties a breach of contract of the lease?

g. Such other factual and legal issues as are apparent from the allegations and causes of action alleged above.

50. The interest of members of the class as to common questions of law and fact in individually controlling the prosecution of separate actions does not outweigh

the benefits of a class action as to those issues.

51.    The difficulties in management of this case as a class action are outweighed by the benefits it has with respect to disposing of common issues of law and fact as to the large number of litigants, and it is desirable to concentrate the litigation in one forum for the management of this civil action due to the number of cases filed, pending, and to be filed.

52.    The questions of law and facts common to the members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this civil action.

53.    There are many individuals in the proposed class whose claims may be so small that the individual prosecution theory would not be economically feasible.

54.    Jurisdiction and venue are proper in Doddridge County, West Virginia, pursuant to West Virginia law and the West Virginia Rules of Civil Procedure as EQT does business in Doddridge County, West Virginia.

55.    The individually named plaintiffs are members of the class they seek to represent.  The members of the class are so numerous that joinder is impracticable and would involve thousands of litigants, and the class in all other ways are similarly situated as required under Rule 23 of the West Virginia Rules of Civil Procedure and complies with the requirements thereof.

## PRAYER

WHEREFORE, plaintiffs and the class they seek to represent demand that they be awarded damages and equitable and affirmative relief against defendants, jointly and/or severally, as follows:

a. Compensatory damages and punitive damages in an amount to be determined by the Court and jury;

b. The costs and disbursements of this action, including attorney fees;

c. Prejudgment and post-judgment interest;

d. Equitable and injunctive relief for providing an accounting and notice to plaintiffs and the class;

e. That the Court finds that this is an appropriate action to be prosecuted as a class action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, and that the Court finds that plaintiffs and their counsel are appropriate representatives and appropriate counsel for the class, and that this action shall proceed as a class action on the common issues of law and fact, all as this Court deems just and proper; and

f. For such other further and general relief, compensatory, punitive, equitable, or injunctive, as the Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY.

H. DOTSON CATHER, Trustee
of Diana Goff Cather Trusts;
THE KAY COMPANY, LLC;
and JAMES E. HAMRIC III

By Counsel

Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
304-342-3106

Michael W. Carey
West Virginia State Bar No. 635
Robert E. Douglas
West Virginia State Bar No. 1052
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia 25301
304-345-1234

Thomas W. Pettit
West Virginia State Bar No. 2886
Thomas W. Pettit, L.C.
Post Office Box 189
Barboursville, West Virginia 25504
304-736-8700

Counsel for Plaintiffs
F:\5\903\p001.docx

15

## MEMORANDUM TO CLERK
## FOR INSTITUTING CIVIL ACTION

To the Clerk of the Circuit
Court of **DODDRIDGE** County, WV

CIVIL ACTION NO. _13 - c - 2_

Case Assigned to: _____

THE KAY COMPANY, LLC,
H. DOTSON CATHER, Trustee
of Diana Goff Cather Trusts,
and JAMES E. HAMRIC III,
and all other persons and
entities similarly situated,

DODDRIDGE COUNTY
CIRCUIT COURT

JAN 16 2013

DWIGHT E. MOORE
CIRCUIT CLERK

Plaintiffs,

v.

| | Days to Answer | Type of Service |
|---|---|---|
| **EQT PRODUCTION COMPANY**<br>Agent: CT Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313 | **30** | **Sec. of State** |
| **EQT CORPORATION**<br>Agent: CT Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313 | **30** | **Sec. of State** |

Defendants.

Please issue Summonses in the above styled action as indicated.
Original and four (4) copies of Complaint furnished herewith.

Marvin W. Masters (WVSB #2359)
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106

Michael W. Carey (WVSB #635)
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia 25301
(304) 345-1234

Thomas W. Pettit (WVSB #2886)
Thomas W. Pettit, L.C.
Post Office Box 189
Barboursville, West Virginia 25504
(304) 736-8700

Date _____

PLAINTIFFS: The Kay Company, LLC, et al.    CASE NUMBER: _13 - C - 2_
DEFENDANTS: EQT Production Company, et al.

## II.   TYPE OF CASE:

| TORTS | | OTHER CIVIL |
| --- | --- | --- |

( ) Asbestos
( ) Professional
    Malpractice
( ) Personal Injury
( ) Product Liability
(X) Other Tort

( ) Adoption
(X) Contract
( ) Real Property
( ) Mental Health
( ) Appeal of Admin.
    Agency

( ) Appeal from Magistrate Court
( ) Petition for Modification
    of Magistrate Sentence
( ) Miscellaneous Civil
( ) Other

## III.   JURY DEMAND: (X) Yes  ( ) No
DATE CASE READY FOR TRIAL: _____

## IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?
( ) YES    (X) NO

IF YES, PLEASE SPECIFY:
( )    Wheelchair accessible hearing room and other facilities
( )    Interpreter or other auxiliary aid for the hearing impaired
( )    Reader or other auxiliary aid for the visually impaired
( )    Spokesperson or other auxiliary aid for the speech impaired
( )    Other: _____

Attorneys:

Representing:

Marvin W. Masters (WVSB #2359)
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106

(X) Plaintiffs  ( ) Defendant
( ) Cross-Complainant
( ) Cross-Defendant

Michael W. Carey (WVSB #635)
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia 25301
(304) 345-1234

Thomas W. Pettit (WVSB #2886)
Thomas W. Pettit, L.C.
Post Office Box 189
Barboursville, West Virginia 25504
(304) 736-8700

Date _1/ 18 /13_

Signature

2