IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**THE KAY COMPANY, LLC;**
**H. DOTSON CATHER, Trustee of**
**Diana Goff Cather Trusts; and**
**JAMES E. HAMRIC III, and all other**
**persons and entities similarly situated,**

        **Plaintiffs,**

v.                                       CIVIL ACTION NO. 1:13-cv-151
                                         Honorable John Preston Bailey

**EQT PRODUCTION COMPANY;**
**EQT CORPORATION; EQT ENERGY, LLC;**
**EQT INVESTMENTS HOLDINGS, LLC;**
**EQT GATHERING, LLC; and**
**EQT MIDSTREAM PARTNERS, LP,**

        **Defendants.**

## MEMORANDUM IN SUPPORT OF EQT PRODUCTION COMPANY'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' AMENDED COMPLAINT

      Defendant EQT Production Company ("EQT Production" or "this Defendant"), by counsel, submits the following Memorandum to Support its Motion for Partial Dismissal of Plaintiffs' Amended Complaint filed in the above-captioned action.[1]

### SUMMARY OF FACTS

      Plaintiffs in this action assert that they are owners of oil and gas mineral interests in land located in Kanawha, Raleigh, Boone, Gilmer, and Wirt Counties, West Virginia.  *See* Complaint

---

[1] Responses to the claims contained in the Amended Complaint that are not the subject of the Motion for Partial Dismissal of Plaintiffs' Amended Complaint are contained in EQT Production Company's Partial Answer and Affirmative and Other Defenses which is being filed and served contemporaneously with this Memorandum.

1

¶¶ 1-3.  Plaintiffs or their predecessors-in-interest leased the rights to produce, market, and sell their oil and gas in several lease agreements identified in Paragraphs 1-3 of the Amended Complaint (the "Leases").  Plaintiffs' Amended Complaint incorrectly states that Defendants are *all* allegedly lessees under the Leases. *See* Complaint ¶¶ 13, 34.  To the contrary, EQT Production Company is the sole lessee to the Leases at issue in this case.  *See* EQT Production Company's Partial Answer and Affirmative and Other Defenses ¶¶ 13, 34.

In the Amended Complaint (hereinafter referred to as the "Complaint"), Plaintiffs allege that Defendants have not paid the full amounts due to them in the form of royalties under the terms of the Leases. *See* Complaint. In particular, they allege that Defendants have not properly accounted to the Plaintiffs the amount of royalties due pursuant to the Leases and that unauthorized deductions were taken which reduced the volume and price for royalties paid to them. *See* Complaint ¶¶ 35-54. Plaintiffs have asserted the following claims for relief against all Defendants: Breach of Contract (Count I), Breach of Fiduciary Duties (Count II), Fraud (Count III), and Punitive Damages (Count VI). *See* Complaint. Plaintiffs also seek class certification for a purported "class of individuals like plaintiffs who own oil and/or gas rights in West Virginia and who have entered into leases of those rights and which defendants are the lessees …" *See* Complaint ¶ 65 (Count V).  In connection with their request for class certification, Plaintiffs suggest that there is an issue as to whether "defendants violate[d] W.Va. Code Ann. §§ 46A-6-101, *et seq.* [the West Virginia Consumer Protection Act], by unfairly charging plaintiffs and the class for goods and services in the production, transportation, and sale of the oil and gas?" *See* Complaint ¶ 70(c).  As discussed more fully below, pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, the claims for breach of fiduciary duty (Count II), fraud (Count III), and purported violations of the West Virginia Consumer Protection Act should be dismissed.

## ARGUMENT

A.     **Standard of Review**

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *See e.g. Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The legal sufficiency of a complaint is measured by whether it meets the standards for a pleading stated in Rule 8 which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. As the Supreme Court held in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, to survive the motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678, *quoting, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard" requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim entitling him to relief, *i.e.,* the "plausibility of 'entitlement to relief.' " *Id.*, *quoting Twombly,* 550 U.S. at 557.  "At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009), *quoting*, *Iqbal,* 556 U.S. at 679.

A dismissal under Rule 12(b)(6) may be granted where the allegations in the complaint "clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim." *Booth v. Old Nat'l Bank*, 900 F.Supp. 836, 840 (N.D. W.Va. 1995). Here, the Complaint describes facts that, when accepted as true, demonstrate that Plaintiffs have failed to state claims against EQT Production entitling them to relief.

B. **Plaintiffs' Claim for Breach of Fiduciary Duty Must Be Dismissed as No Such Duty Was Owed to Plaintiffs**

In Count II of the Complaint, Plaintiffs allege that Defendants "violated their [alleged] fiduciary duties and responsibilities" by failing to "act as fiduciary for plaintiffs' moneys owed to plaintiffs …" and to "account to plaintiffs for payments due to plaintiffs and for any material deductions or reductions in royalty." *See* Complaint ¶¶ 44, 48, 57. Under West Virginia law, a fiduciary duty is " '[a] duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person. It is the highest standard of duty implied by law[.]' " *Elmore v. State Farm Mutual Insurance Co.,* 202 W.Va. 430, 435, 504 S.E.2d 893, 898 (1998), *quoting*, *Black's Law Dictionary* 625 (6th ed.1990). In other words, a fiduciary duty is considered uncommon and "extraordinarily strict," and is to be imposed only upon one who has agreed to support another's interests above his own. *Cather v. Seneca-Upshur Petroleum, Inc.*, No. 1:09cv139, 2010 WL 3271965 *5 (N.D.W.Va. Aug. 18, 2010), *quoting*, *Wellman v. Bobcat Oil & Gas, Inc.,* No. 3:10cv147, 2010 WL 2720748 *8 (S.D.W.Va. July 8, 2010) (Copies of these cases are attached as Exh. A and B, respectively, to EQT Production Company's Motion for Partial Dismissal of Plaintiffs' Amended Complaint filed contemporaneously herewith).

The West Virginia Supreme Court of Appeals *has never recognized* a fiduciary duty between the lessee of a gas well and the royalty owner. *See e.g. Wellman v. Bobcat Oil & Gas, Inc.,* No. 3:10cv147, 2010 WL 2720748 *2. Indeed, the court in *Wellman*, applying West Virginia law, correctly held that *such a heightened duty does not exist in the context of an oil and gas lease*. There, the court noted that the West Virginia Supreme Court of Appeals has defined the duty owed by an oil and gas operator to a royalty owner to be one of "ordinary prudence." *Wellman,* No. 3:10cv147, 2010 WL 2720748 at *3, *citing Grass v. Big Creek Development Co.,*

75 W.Va. 719, 728, 84 S.E. 750, 753, (1915).  In *Grass,* the West Virginia Supreme Court of Appeals held that:

> Where the object of the operations contemplated by an oil and gas lease is to obtain a benefit or profit for both lessor and lessee ... both are bound by the standard of what, in the circumstances, would be reasonably expected of operators of ordinary prudence, having regard to the interests of both.

*Wellman,* No. 3:10cv147, 2010 WL 2720748 at *3, *citing Grass*, 75 W.Va. at 728, 84 S.E. at 753.  Finding that there was no fiduciary relationship between the owners and lessees of the mineral estate, the court in *Wellman* dismissed the plaintiffs' claim for breach of fiduciary duty. *Id*. at *3.

Relying on the same analysis set forth by the court in *Wellman*, in *Cather*, *supra*, the district court, also applying West Virginia law, recognized that the duty owed by oil and gas lessees to their lessors is a duty of ordinary prudence and, as a result, dismissed the plaintiff lessors' breach of fiduciary duty claims against the defendant lessees.  *Cather*, No. 1:09cv139, 2010 WL 3271965 at *4-5.  In particular, the court noted that the "duty of ordinary prudence imposed upon an oil and gas operator to 'promote the mutual advantage and profit of [both parties to an oil and gas lease]' is different from a fiduciary's duty to 'act for [the lessor's] benefit, while subordinating [the lessor's own interest] to that of [the lessee].' " *Cather*, No. 1:09cv139, 2010 WL 3271965 at *5, *citing*, *Elmore,* 202 W.Va. at 435, 504 S.E.2d at 898 (internal citation and quote marks omitted).

Like West Virginia, a majority of jurisdictions addressing the issue of whether a gas operator owes an implied fiduciary duty to the gas lessor have held that no such fiduciary duty exists by reason of entering into an oil and gas lease.  *See e.g. Howell v. Texaco, Inc.*, 112 P.3d 1154 (Okla. 2004) (rejecting the notion that gas operators owe any fiduciary duty to gas lessors); *Yokel v. Hite*, 80 N.E.2d 721, 725 (Ill. App. Ct., 2004) (refusing to impose a fiduciary duty upon

oil and gas lessors, stating "Illinois courts have repeatedly held that no fiduciary relationship arises as a matter of law merely due to the parties' relationship as lessors and lessees under an oil and gas lease").

Examination of the law of West Virginia and other states regarding fiduciary duty makes it clear that no fiduciary duty is formed simply by the execution of an oil and gas lease. A plaintiff claiming the existence of a fiduciary duty must show more than the relationship normally created through the provisions of an oil and gas lease in order to prove that a fiduciary relationship exists. Plaintiffs here have offered no evidence that EQT Production's relationship to them entails anything more than the relationship normally created in an oil and gas lease or that EQT Production assumed any responsibilities beyond those normally taken on by a gas operator in an oil and gas lease. Instead, by their plain terms, the Leases at issue in this case were drafted to provide mutual profit to the parties to the Leases and Plaintiffs do not allege otherwise in their Complaint. As discussed in the cited cases, neither the parties' relationship as lessors and lessee nor the oil and gas Leases themselves create a fiduciary relationship or fiduciary obligations between Plaintiffs and EQT Production as the sole lessee. EQT Production has no duty to act for the Plaintiffs' benefit while subordinating its own interests to that of the Plaintiff lessors. Indeed, Plaintiffs' Complaint does not allege otherwise. Under West Virginia law, the only duty owed by EQT Production to Plaintiffs was/is one of ordinary prudence. *See e.g. Elmore,* 202 W.Va. at 435, 504 S.E.2d at 898; *Grass*, 75 W.Va. at 728, 84 S.E. at 753; *Wellman,* No. 3:10cv147, 2010 WL 2720748 at *3; *Cather*, No. 1:09cv139, 2010 WL 3271965

at *4-5.  Owing no fiduciary obligation to Plaintiffs as a matter of law, Plaintiffs' claim for breach of fiduciary duty against EQT Production must be dismissed as a matter of law.[2]

### C. Plaintiffs' Claims for Misrepresentation and Fraud Must Be Dismissed as They Fail to State a Claim with Particularity

Count III of the Complaint alleges a claim for misrepresentation and/or fraud.  To establish fraud under West Virginia law, Plaintiffs must establish each of the following elements: (1) the act claimed to be fraudulent was the act of the Defendants, or any of them, or induced by such Defendants; (2) the act was material and false; (3) Plaintiffs relied upon it and were justified under the circumstances in relying upon it; and, (4) Plaintiffs were damaged because of this reliance. *See e.g.* Syl. Pt. 5, *Folio v. City of Clarksburg*, 221 W.Va. 397, 655 S.E.2d 143 (2007); *Bowens v. Allied Warehousing Services, Inc.*, 229 W.Va. 523, 729 S.E.2d 845, 852 (2012); Syl. pt. 1, *Lengyel v. Lint,* 167 W.Va. 272, 280 S.E.2d 66 (1981); *Horton v. Tyree,* 104 W.Va. 238, 242, 139 S.E. 737 (1927).  Where, as here, fraudulent concealment is alleged, Plaintiffs must prove "concealment of facts by one with knowledge or the means of knowledge, and a duty to disclose, coupled with an intention to mislead or defraud."  *Pocahontas Mining Company Limited Partnership v. Oxy USA, Inc.,* 202 W. Va. 169, 503 S.E.2d 258 (1998).  *See also, Trafalgar House Construction, Inc. v. ZMM, Inc.* 211 W. Va. 578, 567 S.E.2d 294 (2002).

Significantly, when pleading a claim for fraud, a party must state with particularity the factual circumstances constituting the alleged fraud. *See* Fed.R.Civ.P. 9(b). The Fourth Circuit has held that, under Rule 9(b), a claim for fraud must state "the time, place, and contents of the false representations as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Company,* 176 F.3d 776, 784

---

[2] Alternatively, in the event this Court denies Defendant's Motion with respect to this claim, pursuant to Rule 12(e), Defendant respectfully requests a more definite statement as to the factual basis of the claim for breach of fiduciary duty.

(4th Cir.1999). Mere allegations of "fraud by hindsight" will not satisfy the requirements of Rule 9(b). *Id*. (citation omitted). Rule 9(b) has four purposes:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.... Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*Id*. (citation omitted). To avoid dismissal of a claim for fraud, the complaint must make the defendant "aware of the particular circumstances for which [the defendant] will have to prepare a defense at trial" and satisfy the court that the "plaintiff has substantial prediscovery evidence of those facts." *Id*. (citation omitted).

Here, Plaintiffs have failed to plead their fraud claim with adequate particularity. For example, they contend the following:

> Defendants concealed, suppressed, and omitted material facts with intent that plaintiffs would rely upon same in connection with the bases for charging plaintiffs for specific services for marketing, transporting and processing and for other service charges associated with the calculation of plaintiffs' royalties and deductions therefrom.

> Defendants misrepresented to plaintiffs that defendants were entitled to take deductions from plaintiffs' royalty, take the amount of deductions they took, reduced plaintiffs' royalty payments, overcharged plaintiffs for services, and/ or wrongfully claimed plaintiffs' royalty due was less than the amount actually due, thereby denying plaintiffs the rents and royalties to which they were due.

*See* Complaint at ¶¶ 47 and 59, respectively. The Complaint, however, fails to identify the time, place, or content of the alleged false representations with respect to each or any of the Defendants in this case as required by Rule 9 of the Federal Rules of Civil Procedure. Having failed to do so, Plaintiffs' claim for fraud should be dismissed.[3]

---

[3] Alternatively, in the event this Court denies Defendant's Motion with respect to this claim, pursuant to Rule 12(e), Defendant requests a more definite statement as to the factual basis of the claim for fraud.

**D.    The West Virginia Consumer Credit and Protection Act is Inapplicable to Plaintiffs' Claims**

In connection with their request for class certification in Count V of the Complaint, Plaintiffs suggest that there is an issue as to whether "defendants violate[d] W.Va. Code Ann. §§ 46A-6-101, *et seq.* [the West Virginia Consumer Protection Act], by unfairly charging plaintiffs and the class for goods and services in the production, transportation, and sale of the oil and gas?" *See* Complaint ¶ 70(c). Plaintiffs do not set forth a specific count for a claim arising under the WVCCPA nor are there any other allegations specifically related to such a claim.

The purpose of the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-1-1, *et seq.* ("WVCCPA"), "is to protect consumers from unfair, unconscionable, fraudulent, and abusive practices of debt collectors."    *Chevy Chase Bank v. McCamant*, 204 W.Va. 295, 302, 512 S.E.2d 217, 224 (1998).   The WVCCPA, W.Va. Code § 46A-5-101, provides "consumers" as defined by the Act, with a private cause of action against a "creditor" for illegal, fraudulent or unconscionable conduct, or any prohibited debt collection practice.

Here, undoubtedly, Plaintiffs have failed to state a claim under the WVCCPA. Plaintiffs have alleged that they are lessors to the subject Leases and their claims in this action relate to these Leases.   They are not "consumers" nor are any of the oil and gas Leases at issue a "consumer lease" as defined by the WVCCP.

Article (6) of the WVCCPA defines a "consumer" as "a natural person to whom a sale or lease is made in a consumer transaction." W. Va. Code § 46A–6–102(2). A "consumer transaction" is defined as "a sale or lease to a natural person or persons for a personal, family, household or agricultural purpose." *Id.*   Moreover, the WVCCPA's "General Definitions," W.Va. Code § 46A–1–102, define the term "consumer" to mean "a natural person who incurs debt pursuant to a consumer credit sale or a consumer loan, or debt or other obligations pursuant

9

to a consumer lease." By definition, Plaintiffs are not "consumers" under the WVCCPA and have no claim under this Act. *See Cather v. Seneca-Upshur Petroleum, Inc*., 1:09CV139, 2010 WL 3271965 * 7(N.D. W. Va. Aug. 18, 2010) ("[b]ecause the plaintiffs in this case are lessors of oil and natural gas, and not "consumers" as defined in W. Va. Code §§ 46A6–102(2) or 46A–1–102, the WVCCPA does not provide them with a legal remedy in this case.").

Further support for this conclusion is found under the section of the WVCCPA authorizing civil actions by "consumers." W.Va. Code § 46A–6–106 provides in pertinent part as follows:

> Any person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice prohibited or declared to be unlawful by the provisions of this article, may bring an action in the circuit court of the county in which the seller or lessor resides or has his principal place of business or is doing business, or as provided for in sections one and two, article one, chapter fifty-six of this Code, to recover actual damages or two hundred dollars, whichever is greater. The court may, in its discretion, provide such equitable relief as it deems necessary or proper.

The language authorizes a person who "purchases or leases goods or services" to bring action against a "lessor." Clearly, Plaintiffs, as lessors of their ownership in oil and gas interests, are neither leasing "goods and services" nor are they asserting a claim against "lessors." To the contrary, Plaintiffs are leasing their interests in oil and gas to others. They are not, by definition, "consumers." They are simply not buying or leasing goods or services of any kind from the Defendants.

Finally, EQT Production is neither a "debt collector" as specifically defined by the WVCCPA nor a "creditor" as that term is generally defined and understood. *See e.g. Barr v. NCB Management Services, Inc.*, 227 W.Va. 507, 513, 711 S.E.2d 577, 583 (2011). A "Debt collector" is defined by the WVCCPA as "any person or organization engaging directly or indirectly in debt collection. The term includes any person or organization who sells or offers to

10

sell forms which are, or are represented to be, a collection system, device or scheme, and are intended or calculated to be used to collect claims." W.Va. Code § 46A–2–122. As recognized in *Barr*, the term "creditor" is generally defined as "[o]ne to whom a debt is owed; one who gives credit for money or goods[.]" *Barr*, 227 W.Va. at 512, 711 S.E.2d at 582, *quoting*, *Black's Law Dictionary* 375 (7th ed.1999). EQT Production's royalty payment practice is not the business of debt collection and no consumer debt is owed to EQT Production by Plaintiffs.

The private cause of action and remedies provided by the WVCCPA, W.Va. Code §46A–5–101, are, therefore, inapplicable to the parties, facts and claims in this action. Accordingly, Plaintiffs request, if any, for relief pursuant to this Act must be dismissed as a matter of law. Fed. R. Civ. P. 12.

## CONCLUSION

For the reasons stated in this Memorandum and related Motion, and to be asserted upon oral argument, Defendant EQT Production Company request that this Court dismiss the claims for breach of fiduciary duty, fraud and West Virginia Consumer and Protection Act remedies, as Plaintiffs have failed to state a claim upon which relief can be granted with respect to these claims.

**EQT PRODUCTION COMPANY,**

**By Counsel.**

*/s/ David K. Hendrickson    07/10/2014*
David K. Hendrickson, Esquire (#1678)
Carl L. Fletcher, Esquire (#1225)
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com
cfletcher@handl.com

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**THE KAY COMPANY, LLC;**
**H. DOTSON CATHER, Trustee of**
**Diana Goff Cather Trusts; and**
**JAMES E. HAMRIC III, and all other**
**persons and entities similarly situated,**

       **Plaintiffs,**

v.                                                                     CIVIL ACTION NO. 1:13-cv-151
                                                                   Honorable John Preston Bailey

**EQT PRODUCTION COMPANY;**
**EQT CORPORATION; EQT ENERGY, LLC;**
**EQT INVESTMENTS HOLDINGS, LLC;**
**EQT GATHERING, LLC; and**
**EQT MIDSTREAM PARTNERS, LP,**

       **Defendants.**

**CERTIFICATE OF SERVICE**

    I, David K. Hendrickson, counsel for Defendants, do hereby certify that on the **10th day of July, 2014**, I have served true and exact copies of the foregoing **"MEMORANDUM IN SUPPORT OF EQT PRODUCTION COMPANY'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' AMENDED COMPLAINT"** using the CM/ECF system which will send notification of such filing and provide and electronic copy of the same to the following CM/ECF participants:

| | |
|---|---|
| Marvin W. Masters, Esquire (#2359)<br>**THE MASTERS LAW FIRM, LC**<br>181 Summers Street<br>Charleston, West Virginia  25301<br>*Counsel for Plaintiffs* | Michael W. Carey, Esquire (#635)<br>**CAREY, SCOTT, DOUGLAS & KESSLER, PLLC**<br>Suite 901<br>707 Virginia Street East<br>Charleston, West Virginia  25301<br>*Counsel for Plaintiffs* |

/s/  David K. Hendrickson          07/10/2014
David K. Hendrickson, Esquire (#1678)
Carl L. Fletcher, Esquire (#1225)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (fax)
daveh@handl.com
cfletcher@handl.com