IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

THE KAY COMPANY, LLC,
WILLIAM CATHER, Trustee
of Diana Goff Cather Trusts,
and JAMES E. HAMRIC III,
and all other persons and
entities similarly situated,

        Plaintiffs,

v.                                Case No. 1:13-CV-151
                                  Honorable John Preston Bailey

EQT PRODUCTION COMPANY,
a Pennsylvania corporation;
EQT CORPORATION,
a Pennsylvania corporation;
EQT ENERGY, LLC, a
Delaware limited liability company;
EQT INVESTMENTS HOLDINGS, LLC, a
Delaware limited liability company;
EQT GATHERING, LLC, a
Delaware limited liability company; and
EQT MIDSTREAM PARTNERS, LP,
a Delaware limited partnership,

        Defendants.

**PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION**

      Now come plaintiffs, individually, and on behalf of all others similarly situated, by counsel, and move the Court pursuant to Fed.R.Civ.P. 23, to Order that this civil action be certified and proceed as a class action as set forth below. Plaintiffs incorporate the contemporaneously filed memorandum of law and exhibits in support of this motion and state as follows:

1.      Each of plaintiffs are lessors of natural gas leases which defendants, or one or more of defendants, in this case are the lessees by assignment or otherwise, wherein said defendant or defendants had the responsibility to pay plaintiffs' royalties pursuant to the lease.

2.      Plaintiffs contend that the defendants have intentionally failed to pay plaintiffs, and the class they seek to represent, all the royalties which were owed to them under and pursuant to said leases under West Virginia law, by improperly and wrongfully deducting moneys from plaintiffs' royalty, by paying plaintiffs less than index price, by failing to pay plaintiffs for liquids, by not paying plaintiffs for the volume of gas taken from their mineral estates and in other ways causing plaintiffs' damages.

3.      There are many issues of fact and law which are both common and typical of the claims shared by plaintiffs and the class that they seek to represent, including, but not limited to the following:

(1)     Are the defendants violating their leases by underpaying plaintiffs' royalties under and pursuant to their leases?

(2)     Are the defendants wrongfully withholding and taking for their own use "deductions" which they are not entitled to take?

(3)     Are the defendants wrongfully underpaying plaintiffs their royalty by wrongfully and falsely claiming that they are selling the plaintiffs' gas at the "wellhead" by selling the gas to a sister company?

(4)     Are the defendants wrongfully underpaying plaintiffs their royalties by less than the amount owed by an amount less than the index price at the point of sale?

(5)     Are the defendants inflating the amount of deductions and the cost thereof that they are taking from plaintiffs' royalties by including alleged costs and expenses

and amounts which are "unreasonable" and/or not "actual" and/or are not described or set out in the lease specifically and/or there is no methodology described in the lease as to how the deductions will be calculated?

(6) Are the defendants paying plaintiffs' royalties on less than the volume by paying plaintiffs for the volume of gas at the point of sale, not the amount extracted and produced from their property and by failing to reasonably maintain their lines such that their line loss is materially in excess of a reasonable and industry standard?

(7) Do defendants provide plaintiffs a false and misleading statement of the transaction?

(8) Are defendants failing to deduct amounts from "flat rate" wells pursuant to W. Va. Code Ch. 22, Art. 8, Sec. 8; and otherwise underpaying flat rate well owners?

(9) Was the defendants' conduct fraudulent by concealment?

(10) Did defendants breach their contractual duties, implied or otherwise, to plaintiffs and the class by intentionally or otherwise failing and refusing to pay plaintiffs the royalties required under their leases?

(11) Are defendants entitled to any of the deductions based upon their non-compliance with *Tawney's* objective tests?

(12) Are plaintiffs and the class entitled to payment from the volume at the wellhead?

(13) Did the defendants fraudulently charge plaintiffs for the deductions?

(14) Did the defendants intentionally over-charge plaintiffs for deductions?

(15) Are plaintiffs entitled to be paid for liquids taken from their wells?

(16) Are plaintiffs entitled to compensatory damages?

 (17) Are plaintiffs entitled to punitive damages?

 (18) Is EQT the alter ego of the other subsidiaries and, therefore, liable as a result, is it liable as a result of its own misconduct or by virtue of a conspiracy or joint venture and agrees to carry out the scheme to underpay royalty?

 4. The class consists of more than 9,000 leases and 10,000 lessors, which meets the numerosity requirement for certification.

 5. The class plaintiffs seek to represent consists of the following:

 A. All EQT natural gas lessors that received or were due to be paid royalties from defendants and EQT's production or sale of natural gas which was produced within the boundaries of the State of West Virginia from their natural gas or mineral estates during the period beginning after December 8, 2008, and extending to the present (during any time within their leasehold period.) (*See* exception below.)

While there are overarching issues common to all of the class, plaintiffs seek to prosecute the classes for relief on behalf of two subclasses:

 (a) All EQT natural gas lessors with flat rate leases converted by operation of *W. Va. Code*, § 22-6-8 and that received or were due to be paid royalties from defendants and EQT's production or sale of natural gas which was produced within the boundaries of the State of West Virginia from their estates during the period beginning after December 8, 2008, and extending to the present (during any time within their leasehold period.)

 (b) All EQT natural gas lessors that received or were due to be paid royalties from defendants and EQT's production or sale of natural gas which was produced within the boundaries of the State of West Virginia from their estates during the period beginning after December 8, 2008, and extending to the present (during any time within their leasehold period,) except for those lessors holding flat rate leases converted according to *W. Va. Code*, § 22-6-8.

There would be excepted from the class the following:

 (1) Flat rate leases which have not been converted unless by operation of *W. Va. Code* § 22-6-8, the West Virginia Supreme Court finds that they are to be converted or grants relief in the appeal now pending before the West Virginia Supreme Court.

    (2) Excluded from the classes are officers and agents of any defendant or subsidiary of any defendant named in this lawsuit or any lawsuit involving the same or similar claims as those alleged in this lawsuit; any attorney for any such defendant; any attorney for any plaintiff in this lawsuit or in any lawsuit involving the same or similar claims as those alleged in this lawsuit against any such defendant; and any judicial officer who presides over this lawsuit or over any other lawsuit involving the same or similar claims as those alleged in this lawsuit against any such defendant.

  6. Plaintiffs and plaintiffs' counsel are adequate class representation and class counsel.

  7. The common issues of fact and law predominate over any individual issues and the class action is superior to any other means of litigating the claims of plaintiffs. The class is made up mostly of small claims which would not reasonably be capable of economically pursuing if required to be pursued individually.

  8. The class action is manageable and ascertainable by the Court.

  9. Plaintiffs meet all the requirements of Fed.R.Civ.P. 23(a) and 23 (b)(3) and (c)(4) all as set forth in plaintiffs' memorandum of law filed simultaneously herewith and made a part hereof.

  WHEREFORE, plaintiffs move the Court to certify this action as a class action and Order that plaintiffs be named class representatives and that Marvin W. Masters and Michael W. Carey and their firms be named as class counsel and that plaintiffs be granted such other further relief as the Court deems just and proper.

            THE KAY COMPANY, LLC,
            H. DOTSON CATHER, Trustee
            of Diana Goff Cather Trusts,
            and JAMES E. HAMRIC III,
            and all other persons and
            entities similarly situated,

            By Counsel

/s/ Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
304-342-3106

Michael W. Carey
West Virginia State Bar No. 635
Robert E. Douglas
West Virginia State Bar No. 1052
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street East, Suite 901
Charleston, West Virginia 25301
304-345-1234

Thomas W. Pettit
West Virginia State Bar No. 2886
Thomas W. Pettit, L.C.
Post Office Box 189
Barboursville, West Virginia 25504
304-736-8700

Counsel for Plaintiffs
F:\5\903\mo018.docx

## CERTIFICATE OF SERVICE

      I, Marvin W. Masters, hereby certify that on September 30, 2016, I electronically filed "Plaintiffs' Motion to Certify Class Action" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

    David K. Hendrickson
    Carl L. Fletcher, Jr.
    Hendrickson & Long PLLC
    214 Capitol Street
    Post Office Box 11070
    Charleston, West Virginia  25339
    daveh@handl.com
    cfletcher@handl.com
    Counsel for Defendants

    Michael W. Carey
    Carey, Scott, Douglas & Kessler, PLLC
    707 Virginia Street East, Suite 901
    Charleston, West Virginia  25301
    mwcarey@csdlawfirm.com
    Counsel for James E. Hamrick, III

    Thomas W. Pettit
    Thomas W. Pettit, L.C.
    945 Main Street
    Post Office Box 189
    Barboursville, West Virginia  25504
    twpettit@comcast.net
    Co-Counsel for H. Dotson Cather

.

                                            /s/ Marvin W. Masters
                                            West Virginia State Bar No. 2359
                                            The Masters Law Firm lc
                                            181 Summers Street
                                            Charleston, West Virginia  25301
                                            304-342-3106
                                            mwm@themasterslawfirm.com