IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

THE KAY COMPANY, LLC,
WILLIAM CATHER, Trustee
of Diana Goff Cather Trusts,
and JAMES E. HAMRIC III,
and all other persons and
entities similarly situated,

           Plaintiffs,

v.                                                    Case No. 1:13-CV-151
                                                  Honorable John Preston Bailey

EQT PRODUCTION COMPANY,
a Pennsylvania corporation;
et al.
           Defendants.

## PLAINTIFFS' AMENDED MOTION TO TRANSFER CASE

Now come plaintiffs, by counsel, and move the Court to enter an order transferring Crihfield v. EQT Production Company, et al. Civil Action No. 1:17:CV-34, Honorable Irene M. Keeley, Northern District of West Virginia to the subject federal class action also pending in the Northern District of West Virginia styled *The Kay Company, LLC, et al. v. EQT Production Company*, et al., Civil Action Number 1:13-CV-151. The basis of this motion includes the following:

The Honorable Irene M. Keeley entered an order dated October 11, 2018, (Doc. Id. 76, Crihfield v. EQT, Civil Action No. 1:17-CV-34)(See attached as **Exhibit A**) granting plaintiffs' motion before that Court to conditionally transfer the case to this Honorable Court for the reasons set forth in plaintiffs' motion (Doc. Id. 72, Crihfield v. EQT, Civil Action No. 1:17-CV-34.)

1. There exists subclasses of lessors in the class action which include the following class and subclasses:

   (A) All EQT natural gas lessors with flat rate leases converted by operation of W. Va. Code, § 22-6-8 and that received or were due to be paid royalties from defendants and EQT's production or sale of natural gas which was produced within the boundaries of the State of West Virginia from their estates during the period beginning December 8, 2008, and extending to the present (during any time within their leasehold period.).

   (B) All EQT natural gas lessors that received or were due to be paid royalties from defendants and EQT's production or sale of natural gas which was produced within the boundaries of the State of West Virginia from their estates during the period beginning December 8, 2008, and extending to the present (during any time within their leasehold period,) except for those lessors holding flat rate leases converted according to W. Va. Code, §22-6-8.

   There would be excepted from the class the following:

   (1) Flat rate leases which have not been converted unless by operation of W. Va. Code § 22-6-8, the West Virginia Supreme Court finds that they are to be converted or grants relief in the appeal now pending before the West Virginia Supreme Court.

   (2) Excluded from the classes are officers and agents of any defendant or subsidiary of any defendant named in this lawsuit or any lawsuit involving the same or similar claims as those alleged in this lawsuit; any attorney for any such defendant; any attorney for any plaintiff in this lawsuit or in any lawsuit involving the same or similar claims as those alleged in this lawsuit against any such defendant; and any judicial officer who presides over this lawsuit or over any other lawsuit involving the same or similar claims as those alleged in this lawsuit against any such defendant.

   (*See Kay Company v. EQT*, Doc. Id. 400, pp. 3-4.)

2. The lessors in the subject *Crihfield* case have ownership of the leases as stated in the complaint as in this case as follows:

   Plaintiffs are the owners of those certain oil and natural gas mineral interests lying and being in Doddridge County, West Virginia, said interests described generally in lease dated August, 5, 1901, and recorded in the Office of the Clerk of the County Commission of Doddridge County, West Virginia at Deed Book 19, Page 140, and referred to by defendants as Equitable Lease No. 104916 and containing 351 acres, more or less.

(See Doc. Id. 1-1.)

3. *Crihfield* lessors fit the definition of the subclass of "flat rate converted" leases which are defined as flat rate leases which have been converted to 1/8 leases by virtue of W. Va. Code, Chapter 22, Article 6, Section 8.

4. The remedies of the subject *Crihfield* case are now affected by the West Virginia Supreme Court's rulings in the *Leggett v. EQT Production Company*, 239 W.Va. 264, 800 S.E.2d 850 (W. Va. 2017,) Civil Action No. 1:13-CV-0004, W.Va. 2017, which held that such leases converted pursuant to W. Va. Code § 22-6-8 allows for deductions to be taken by Lessees, but that those deductions are limited to a requirement that the deductions must be reasonable and actual. *Leggett*, 239 W.Va. at 282, 800 S.E.2d at 868. Therefore, the costs and expenses of EQT must be examined in the litigation by an analysis of EQT's accounting procedures and background, including the reasons and methodology of how the deductions were incurred and why they were incurred, who incurred them and whether they were properly included in EQT's rate of deductions which served as the basis for the rate. The reason for the lengthy period of time which the parties have been engaged in discovery in *Kay Company* is related in great part, to the review of EQT's accounting procedures and thousands of expense entries. The reason it is required to be done for each class member, as well as for the Crihfield leases, is that EQT utilized the same rate for each district for each year. Therefore, EQT established buckets in which certain types of expenses were included. Deductions were pulled from several subsidiaries and also the parent corporation. These were totaled and reduced to a yearly cost which was divided by volume (dth) to charge each lessor the rate for that district that year. The endeavor is costly and the trial costs will also be costly. Trial will require numerous experts' testimony and testimony of lay witnesses. It would be a costly and time consuming undertaking for all parties and the Court.

5.  The same experts which plaintiff will use in the *Kay Company* case will address the issues in the *Crihfield* case and generally the same fact witnesses, other than plaintiffs, will be called, given the issues are the same with respect to this subclass.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1404(a), the district court has discretion when making decisions to transfer a case. *Brock v. Entre Computer Ctrs., Inc.,* 933 F.2d 1253, 1257 (4th Cir.1991).

> In *Stewart Organization, Inc. v. Ricoh Corporation,* the United States Supreme Court noted that the foregoing statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " 487 U.S. 22 at 29, 108 S.Ct. 2239 at 2244 (1988) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). A district court is to make this "individualized, case-by-case consideration of convenience and fairness" by weighing a number of factors, including the following:
>
> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.
>
> *Alpha Welding And Fabricating, Inc. v. Heller, Inc.,* 837 F.Supp. 172 at 175 (S.D.W.Va.1993).

*Scott v. Life Inv'rs Ins. Co. of Am.,* No. CIV.A. 2:07 CV 29, 2007 WL 3390012, at *3 (N.D.W. Va. Nov. 13, 2007). *See also, Toney v. Family Dollar Stores, Inc.,* 273 F. Supp. 2d 757, 763 (S.D.W. Va. 2003). Courts have discretionary authority to order a change of venue, even without the consent of all parties, *see Bishop v. C&P Trucking Co.*, 840 F. Supp. 118 (N.D. Ala. 1993) (holding that though the concept of divisional venue disappeared with the repeal of 28 U.S.C. § 1393, courts

may adopt local rules respecting divisional venue or, under 28 U.S.C. § 1404(a), transfer any civil action to any other division were it might have been brought).

The reasons set forth above show that the interest of justice will be served by a transfer to the federal class action, *The Kay Company, LLC, et al. v. EQT Production Company, et al.*, Civil Action Number 1:13-CV-151. Furthermore, this case and the *Kay Company* class action were both originally filed in the Circuit Court of Doddridge County, West Virginia and removed to the Northern District. Accordingly, this action may be transferred.

Therefore, plaintiffs move the Court to conditionally transfer the above styled civil action to the *Kay Company, et al.* case, Civil Action No. 1:13-cv-151, members of the subclass for lessors of converted flat rate wells, subject to the Northern District Court's approval in *Kay Company, et al. v. EQT Production Company*, et al., Civil Action No. 1:13-cv-151.

    Respectfully submitted,

    THE KAY COMPANY, LLC,
    WILLIAM CATHER, Trustee
    of Diana Goff Cather Trusts,
    and JAMES E. HAMRIC III,
    and all other persons and
    entities similarly situated,

    By Counsel

/s/ Marvin W. Masters
Marvin W. Masters (WV State Bar 2359)
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
Counsel for Plaintiffs
304-342-3106
304-342-3189 (facsimile)
mwm@themasterslawfirm.com
F:\5\994\mo004.docx

## **CERTIFICATE OF SERVICE**

      I, Marvin W. Masters, hereby certify that on October 31, 2018, I electronically filed "Plaintiffs' Amended Motion to Transfer Case" with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following CM/ECF participants:

    David K. Hendrickson
    Carl L. Fletcher, Jr.
    Hendrickson & Long PLLC
    214 Capitol Street
    Post Office Box 11070
    Charleston, West Virginia 25339
    daveh@handl.com
    cfletcher@handl.com
    Counsel for Defendants

                                        /s/ Marvin W. Masters
                                        Marvin W. Masters (WV Bar No. 2359)
                                        The Masters Law Firm lc
                                        181 Summers Street
                                        Charleston, West Virginia 25301
                                        Telephone: (304) 342-3106
                                        Facsimile: (304) 342-3189
                                        mwm@themasterslawfirm.com