IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

THE KAY COMPANY, LLC, et al.

        Plaintiffs,

v.                                    CIVIL ACTION NO. 1:13-CV-151
                                    (Honorable John Preston Bailey)

EQT PRODUCTION COMPANY et al.

        Defendants.

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER CASE**

        Defendants, by counsel, submit the following Memorandum in opposition to the Plaintiffs' Motion to Transfer Case filed in the above-captioned action.

        In their Motion, Plaintiffs seek leave to transfer the case pending before the Honorable Frederick P. Stamp, Jr. in the U.S. District Court for the Northern District of West Virginia styled as: *Leggett, et al. v. EQT Production Company, et al.*, Civil Action No. 1:13cv0004 ("*Leggett*"). Counsel for Plaintiffs here is also counsel for the plaintiffs and class counsel in *Kay Company*.

        As an initial matter, it is for Judge Stamp to make the determination as to whether the *Leggett* case should be transferred to this case and, at this point, Plaintiffs in this case lack standing to effect the transfer requested in their Motion. *See e.g.* 28 U.S.C. § 1404. Plaintiffs' Motion should, therefore, be denied on that basis alone.

        Further, transfer of the *Leggett* Plaintiffs' case/claim to this case should be denied because transfer of this case is against the interests of justice.

A.     **Transfer Of This Case Is Not Permitted By 28 U.S.C. § 1404**

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought …" 28 U.S.C. § 1404(a). Motions for transfer of venue are to be adjudicated according to an "individualized, case-by-case consideration of convenience and fairness." *McJunkin Corp. v. Cardinal Systems, Inc.*, 190 F.Supp.2d 874, 878 (S.D.W. Va. 2002), *quoting*, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, (1964)). Transfer pursuant to this statute is "dependent upon the 'weighing … [of] a number of case-specific factors.' " *Shrewsbury v. American Red Cross Mid Atlantic Region*, Civil Action No. 2:18c-00531, 2018 WL 2392546, at *1 (S.D.W. Va. May 25, 2018), *quoting*, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The U.S Court of Appeals for the Fourth Circuit has established four factors that a district court should consider in deciding motions to transfer under Section 1404(a): "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Id*. at *1, *quoting*, *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). *Accord*, *United States v. Hobbs*, Civil Action No. 1:16CV236, 2018 WL 1368325, at *10 (N.D.W. Va. Mar. 16, 2018); *Huntington National Bank v. Hard Rock Exploration, Inc*., Civil Action No. 1:16CV48, 2018 WL 935435, at *2 (N.D.W. Va. Feb. 16, 2018). The moving party bears the burden of showing that transfer is proper. *Cognitronics Imaging Sys. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D. Va. 2000). Importantly, the movant must also demonstrate that transfer does more than merely "shift the inconvenience" to the other party. *JTH Tax, Inc. v. Lee*, 482 F.Supp.2d 731, 736 (E.D. Va. 2007), *quoting*, *DMP Corp. v. Fruehauf Corp.,* 617 F.Supp. 76, 77 (W.D.N.C. 1985).

Here, the "interest of justice" factor outweighs the other factors and weighs firmly against the transfer of this case. "The 'interest of justice' category is designedly broad…. It is meant to encompass all those factors bearing on transfer that are unrelated to the other three factors." *JTH Tax, Inc.*, 482 F.Supp.2d at 738 (citations omitted).

Importantly, the Court in *Leggett* previously ruled as a matter of law on a number of significant issues relating to the claims and defenses of the parties to that action. In particular, nearly 3 years ago, the Court entered summary judgment in favor of Defendants, EQT Corporation, EQT Energy, LLC, EQT Gathering LLC, EQT Investment Holdings, LLC, and EQT Midstream Partners, LP[1], with respect to all of the claims asserted against them in that case, finding, *inter alia*, that the "material facts in this civil action show that the non-lessee defendants are not alter egos of EQT [Corporation]" (*Leggett*, ECF 174, pp. 10-17). The *Leggett* Plaintiffs' claims for fraud and punitive damages asserted against Defendant EQT Production Company were also dismissed. (*Leggett*, ECF 174, pp. 34-37). Conversely, this Court made the exact opposite findings and rulings against these same Defendants in this case. (ECF 400).

As discussed in the "Memorandum in Opposition to Plaintiffs' Motion to Transfer Case" filed in *Leggett*, the *Leggett* Plaintiffs, under the guise of now asserting that they intend to participate as members of a subclass certified in this case, are attempting to engage in advantageous forum shopping. In *Leggett*, they filed a separate civil action and sought judgment as a matter of law on the issues decided by the Court in that case in the January 2016 Order (*Leggett*, ECF 174), all of which was prior to the certification of the class, class notice, and deadline within which to opt out of the class action in this case. The *Leggett* Plaintiffs cannot

---

[1] The parties stipulated to, and the Court accepted, the dismissal without prejudice of EQT Midstream Partners, LP. (*Leggett*, ECF 82).

3

now be permitted to belatedly assert their class membership in an obvious attempt to avoid the prior judgments of the Court in *Leggett*. The *Leggett* Plaintiffs' blatant attempt at forum-shopping in an effort to avoid and circumvent rulings made by the Court in their case that they deem to be against their favor cannot stand. In essence, they seek to reverse the rulings in *Leggett* without having to overcome the burden of doing so on appeal.

Forum-shopping in an effort to move a case to a court with a more favorable law is not a permissible basis for a change of venue under 28 U.S.C. § 1404(a). *See e.g., Van Dusen v. Barrack,* 376 U.S. 612, 632–37 (1964); *Ferens v. John Deere Co.*, 494 U.S. 516, 527 (1990); *Leonard v. Mylan, Inc.*, 718 F.Supp.2d 741, 743–44 (S.D.W. Va. 2010). As the U.S. Supreme Court recognized in *Van Dusen*,

> The legislative history of § 1404(a) certainly does not justify the rather startling conclusion that one might 'get a change of law as a bonus for a change of venue.'[] Indeed, an interpretation accepting such a rule would go far to frustrate the remedial purposes of § 1404(a). If a change of law were in the offing, the parties might well regard the section primarily as a forum-shopping instrument.[] And, more importantly, courts would at least be reluctant to grant transfers, despite considerations of convenience, if to do so might conceivably prejudice the claim of a plaintiff who had initially selected a permissible forum.

*Van Dusen*, 376 U.S. at 636.

In *Ferens*, the U.S. Supreme Court further affirmed this interpretation of 28 U.S.C. § 1404(a), stating as follows:

> *Van Dusen* … sought to fashion a rule that would not create opportunities for forum shopping. Some commentators have seen this policy as the most important rationale of *Van Dusen,* see, *e.g.,* 19 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4506, p. 79 (1982), but few attempt to explain the harm of forum shopping when the plaintiff initiates a transfer. An opportunity for forum shopping exists whenever a party has a choice of forums that will apply different laws. The *Van Dusen* policy against forum shopping simply requires us to interpret § 1404(a) in a way that does not create an opportunity for obtaining a more favorable law by selecting a forum through a transfer of venue. In the *Van Dusen* case itself, this meant that we could not allow defendants to use a transfer to change the law.

*Ferens*, 494 U.S. at 527.

The *Leggett* Plaintiffs have requested a transfer of this case undoubtedly to circumvent and avoid the rulings made in their case and discussed in the "Memorandum Opinion and Order" dated January 22, 2016 (*Leggett*, ECF 174). In fact, if their case is transferred, according to comments made by this Court during the pre- trial conference held on November 15, 2018, the rulings in this case will control. Rulings previously made in *Leggett* concerning, *inter alia*, alter ego, fraud, and the manner in which royalties may be paid pursuant to W. Va. Code § 22-6-8 will be effectively abrogated which is not a proper procedure for the *Leggett* Plaintiffs to, in effect, obtain a reversal of rulings made in *Leggett*. Rather, the proper procedure would be to appeal any rulings from that case deemed appropriate by the plaintiffs to that case. The *Leggett* Plaintiffs must not be permitted to "get a change of law as a bonus for a change of venue." *Van Dusen*, 376 U.S. at 636. The policy against forum-shopping and the interest of justice direct that Plaintiffs' Motion be denied.

Moreover, transfer of this case will neither facilitate the convenience of the parties or the Court in this case or *Leggett*. For example, in *Leggett*, the issue of EQT Production Company's "royalty payment practices regarding natural gas liquids" remains for trial according to the parties' agreement and the Court's Order. (*Leggett*, ECF 201). Conversely, here, this issue is not a matter that remains to be decided at trial. If the *Leggett* Plaintiffs are to proceed as class members as they suggest in their Motion, their claim relating to natural gas liquids will be left unadjudicated. Further, the pending Motion comes at the eleventh hour after the parties have expended considerable time, effort and expense filing numerous motions, responses to motion, and replies on various issues. Accordingly, transfer of the *Leggett* Plaintiffs' claims to this case

as requested in Plaintiffs' Motion fails to meet the requirements of 28 U.S.C. § 1404(a) as it will not prevent duplicative trials, facilitate judicial efficiency, or preserve limited judicial resources.

B.     **The *Leggett* Plaintiffs Are Precluded From Re-Litigating In This Case Their Claims Against The Non-Lessee Defendants, And Claims For Fraud And Punitive Damages**

As discussed in the "Memorandum in Opposition to Plaintiffs' Motion to Transfer Case" filed in *Leggett*, the "law of the case doctrine" bars the *Leggett* Plaintiffs' effort to transfer this case and re-litigate claims against the Non-Lessee Defendants, and claims for fraud and punitive damages, that have already been ruled upon in *Leggett*. This doctrine provides that "a prior decision should be binding upon subsequent stages in the litigation between the parties. The purpose of the rule is to promote finality, consistency and efficiency." *Vortekx, Inc. v. IAS Communications, Inc.*, 72 F. Supp. 2d 638, 640–41 (N.D.W. Va. 1999), *citing*, *Arizona v. California,* 460 U.S. 605, 618 (1983) ("As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); and *Christianson v. Colt Indust. Operating Corp.,* 486 U.S. 800, 816 (1988) ("This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues' ").

The Court in *Leggett* previously ruled as a matter of law on a number of significant issues relating to the claims and defenses of the parties to that action. In particular, the Court ruled on issues of alter ego, fraud, punitive damages, and the manner in which royalties may be paid pursuant to W. Va. Code § 22-6-8, all of which will be abrogated if the *Leggett* case is transferred to this case and the contrary rulings made in this case are applied to the claims of the parties already decided in *Leggett*. The doctrine of the "law of the case" is directly applicable here and militates against transfer of the *Leggett* case to this case.

Further, while a final judgment may not have been entered in *Leggett*, the purposes supporting the application of *res judicata* to the matters determined in that case are certainly present. The purpose of *res judicata* is to foreclose the re-litigation of issues in a second suit which have been previously adjudicated. *See e.g., Blake v. Charleston Area Medical Center, Inc.,* 201 W.Va. 469, 498 S.E.2d 41 (1997); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). *See also*, *Seventeenth Street Associates, LLC v. Cole ex rel. Hayne*, 855 F.Supp.2d 606 (S.D.W. Va. 2012) (recognizing that, when a federal court's jurisdiction is based upon diversity of citizenship, the court must look to state law to determine whether res judicata applies).

Here, the causes of action in *Leggett* and this case both involve Plaintiffs' claims for the alleged underpayment of royalties by EQT Production Company; and, if Plaintiffs' Motion were to be granted, both *Leggett* and this case would involve not only the same Defendants, but the same Plaintiffs. Moreover, the claims asserted by the *Leggett* Plaintiffs against EQT Production (for fraud and punitive damages) and the Non-Lessee Defendants (for all claims, including alter ego) were litigated and decided by the Court in *Leggett*. (*Leggett*, ECF 174). While that Court's summary judgment rulings may not be a type of judgment that would ordinarily constitute *res judicata*, the only matter left with respect to the claims against the Non-Lessee Defendants, and claims for fraud and punitive damages against EQT Production, was to execute judgment. Having initiated the lawsuit and sought judgment as a matter of law on the issues decided by the Court in *Leggett* in the January 2016 Order (*Leggett*, ECF 174) prior to the certification of the class, class notice, and deadline within which to opt out of the class action in this case, the *Leggett* Plaintiffs cannot now be permitted to belatedly assert their class membership in an obvious attempt to avoid the prior judgment of the Court in *Leggett*.

Accordingly, the "law of the case doctrine" and/or principles of *res judicata* preclude the *Leggett* Plaintiffs from transferring their case to this case - where the Court made rulings on issues that are in direct contravention to the final rulings made on the same issues by the Court in *Leggett* – and re-litigating those same issues in another forum or participating in this class action.

## CONCLUSION

For all the foregoing reasons Plaintiffs' Motion to Transfer must be denied.

**EQT PRODUCTION COMPANY; EQT CORPORATION; EQT ENERGY, LLC; EQT INVESTMENTS HOLDINGS, LLC; EQT GATHERING, LLC; and EQT MIDSTREAM PARTNERS, LP, By Counsel.**

*/s/ David K. Hendrickson    11/16/2018*
David K. Hendrickson, Esquire (#1678)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P. O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500; (304) 346-5515 (fax)
daveh@handl.com

John Kevin West, Esquire (pro hac vice)
**STEPTOE & JOHNSON PLLC**
Huntington Center
41 South High Street / Suite 2200
Columbus, Ohio 43215
(614) 458-9889; (614) 221-0952 (facsimile)
kevin.west@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

THE KAY COMPANY, LLC, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 1:13-cv-151
                                         (Honorable John Preston Bailey)

EQT PRODUCTION COMPANY, et al.,

        Defendants.

## CERTIFICATE OF SERVICE

I, David K. Hendrickson, counsel for Defendants, do hereby certify that on the **16th day of November, 2018**, I have served true and exact copies of the foregoing **"MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER CASE"** using the CM/ECF system which will send notification of such filing and provide and electronic copy of the same to the following CM/ECF participants:

Marvin W. Masters, Esquire (#2359)
**THE MASTERS LAW FIRM, LC**
181 Summers Street
Charleston, West Virginia 25301
*Counsel for Plaintiffs*

Michael W. Carey, Esquire (#635)
**CAREY, SCOTT, DOUGLAS & KESSLER, PLLC**
Suite 901
707 Virginia Street East
Charleston, West Virginia 25301
*Counsel for Plaintiffs*

                          */s/ David K. Hendrickson         11/16/2018*
                          David K. Hendrickson, Esquire (#1678)
                          **HENDRICKSON & LONG, PLLC**
                          214 Capitol Street (zip 25301)
                          P.O. Box 11070
                          Charleston, West Virginia 25339
                          (304) 346-5500
                          (304) 346-5515 (fax)
                          daveh@handl.com