# Hendrickson & Long PLLC
ATTORNEYS AT LAW

214 Capitol Street  P.O. Box 11070
Charleston, West Virginia 25301  Charleston, West Virginia 25339

P: 304.346.5500   F: 304.346.5515   www.handl.com

March 25, 2020

Honorable James P. Mazzone
United States Magistrate Judge
United States District Court for the
 Northern District of West Virginia
P. O. Box 471
Wheeling, WV  26003

> Re: **Claims Administration Invoices**
> **The Kay Company, LLC *et al.* v. EQT Production Company *et al.***
> **Civil Action No. 1:13-cv-151-JPB-JPM**

Dear Judge Mazzone:

The Settlement Agreement approved by the Court in the above referenced action provides in pertinent part:

> The Notice Expert and the Claims Administrator shall submit monthly bills to EQT Production Company for approval and payment up to the $2.0 million threshold. The Claims Administrator also shall provide copies of each bill to Class Counsel. All bills must be approved by the Court unless both Class Counsel and EQT agree to approve the bill. If Class Counsel or EQT Production Company objects to a bill, Class Counsel or EQT Production Company will identify each objectionable item on the bill. EQT will pay the undisputed items and Class Counsel and counsel for EQT Production Company will attempt to resolve the disputed charges subject to review by the Magistrate Judge of disputed charges which counsel cannot resolve.

The undersigned represents the Defendant, EQT Production Company ("EQT"), the party responsible for paying invoices submitted by the Class Administrator, Smith Cochran & Hicks, LLC ("the Class Administrator"). An unresolved dispute has arisen regarding certain invoices submitted by the Class Administrator. EQT recently reviewed Invoice Nos. 33734, 33859, 34032, 34162, 34265, 34496, and 34593. Its review revealed that several time entries were either inappropriate or excessive.

The first group of questionable entries in the invoices relate to billed services provided by Dennis P. Brady Ph.D. Dr. Brady was one of the expert witnesses designated by the Plaintiffs in the underlying litigation. He submitted an expert witness report during the litigation and was expected to testify at trial. The Class Administrator's invoices contain entries for services billed by Dr. Brady totaling $86,500.00.  The terms of the negotiated settlement agreement expressly

Hon. James P. Mazzone
Page 2
March 25, 2020

state that the costs attributed to the Plaintiff's expert are not the responsibility of EQT. Furthermore, the Class Administrator has not and cannot demonstrate that Dr. Brady's services are compensable as class administration expenses. Consequently, EQT should not be responsible for compensating the Class Administrator for Dr. Brady's time.

The invoices submitted by the Class Administrator also contain several block billing entries that are redundant. The billing description as to the tasks performed and the amount of time billed is identical for multiple days in each month. A breakdown of the disputed entries (including the services provided by Dr. Brady) is attached as Exhibit 1. Review of these entries illustrate their redundancy and EQT should not be required to pay the Class Administrator for these invoiced amounts.

A summary of the revised invoice amounts, designating which amounts are compensable and which are not is Exhibit 2. We respectfully request that the Court determine that the disputed charges are not compensable.

Respectfully submitted,

David K. Hendrickson, Esquire (#1678)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P. O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com

John Kevin West, Esquire (#13313)
**STEPTOE & JOHNSON PLLC**
Huntington Center, Suite 2200
41 South High Street
Columbus, Ohio 43215
(614) 458-9889
(614) 221-0952 (facsimile)
kevin.west@steptoe-johnson.com

cc:  Smith, Cochran & Hicks PLLC (w/enc.)
     Counsel of Record (w/enc.)