IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THE KAY COMPANY, LLC, WILLIAM
CATHER, Trustee of Diana Goff Cather Trusts,
And JAMES E. HAMRIC III, and all other persons
and entities similarly situated,

        Plaintiffs,

v.           Case No. 1:13-CV-151
        Honorable John Preston Bailey

EQT PRODUCTION COMPANY, a Pennsylvania
corporation; EQT CORPORATION, a Pennsylvania
corporation; EQT ENERGY, LLC, a Delaware limited
liability company; EQT INVESTMENTS HOLDINGS,
LLC, a Delaware limited liability company, EQT
GATHERING, LLC, a Delaware limited liability
company; and EQT MIDSTREAM PARTNERS, LP,
a Delaware limited partnership,

        Defendants.

## PLAINTIFFS' MOTION TO DISBURSE FINAL PAYMENT

Now come the plaintiffs by counsel, and move the Court for an order approving and directing final disbursement of the settlement funds to the class members pursuant to the Court's Order approving the Settlement, (Doc. Id.767,) the Notice to Class, (Doc. Id. 745-3) and the Settlement Agreement, (Doc. Id. 745.)  The Settlement Administrator joins in this request.  The Court appointed the Notice Expert and Settlement Administrator to perform the following duties and responsibilities:[1]

---

[1] *See* Settlement Agreement (Doc. Id. 745, pp. 40-41,) Order Approving Class Action Settlement (Doc. Id. 767.)

c. <u>Claims Administrator</u>.

1. <u>Duties</u>.

The Claims Administrator shall:

a. Maintain and update the list of Class Members.

b. Establish and maintain an "800" number telephone line for Class Member questions that is staffed by trained operators during normal business hours.

c. Establish and maintain a website for providing Class Members and the public with information about this Settlement Agreement.

d. With the assistance of counsel for the Parties, determine the period of time during the Compensation Period when each Class Member owned a Covered Lease.

e. With the assistance of counsel for the Parties, calculate the amount of Settlement Payment to which each Class Member is entitled.

f. Mail the Settlement Notice and publish a summary notice if specified in a notice plan approved by the Court.

g. Verify addresses in the database against the National Change of Address Database and, as noted, through a third-party look up service.

h. Receive Opt-Out requests and prepare a list of Opt-Out Class Members, including a report on whether the Class Member has been excluded.

i. Receive objections to this Settlement Agreement from Class Members and transmit copies to the Parties, the Magistrate Judge, and the Court.

j. In consultation with the Parties and their separate Notice Expert, prepare the individual Benefit Notices and Claim Forms to be sent to the Class Members as required by this Settlement Agreement. Mail the Benefit Notices and Claim Forms to Class Members after the Final Order and Judgment is entered. Prepare any additional Benefit Notices and Claim Forms that become necessary as a result of the Claims Resolution Process.

k. In consultation with the Parties, review Claim Forms and Class Member submissions and determine Class Member qualification for Settlement Payments.

l. Inform Class Members of the Claims Administrator's determination of Class Member status and entitlement to Settlement Payments.

- m. Inform Class Members of Claim Resolution Decisions.

- n. Establish a bank account at a federally-chartered financial institution reasonably acceptable to EQT, Class Counsel and the Court for the Qualified Settlement Fund.

- o. Make the following disbursements from the Settlement Fund: (l) all Settlement Payments to Class Participants; (2) Fee Award and Costs of Litigation to Class Counsel as approved by the Court and (3) incentive awards to the named plaintiffs as approved by the Court.

- p. Determine the amount of Settlement Payments due to each Class Participant as based upon the terms and conditions of this Settlement Agreement and, where necessary, to hire experts to assist in the calculation of the amounts due to assure compliance herewith.

- q. Maintain all appropriate records relating to Class Members, to Covered Leases and title thereto, and to the payment of Settlement Payments and Fee Awards. The Parties shall be entitled to inspect the Claims Administrator's records upon reasonable notice and to request copies of any records of the Claims Administrator.

- r. Issue weekly reports of Claims Forms received, the status of claims and the Settlement Payments made.

- s. Issue Form 1099s to Class Participants and other necessary tax documents following payment of Settlement Payments.

- t. Provide, a Type Il service auditor's report, including service auditor's opinion on the Claims Administrator's controls.

- u. At the close of the claim administration, provide EQT and Class Counsel with the final list of Class Participants, the original signed Claim Forms and pooling and unitization modifications executed under the Limited Optional Pooling Modification provision above, and copies of all documents filed with any applicable County Recorder's offices.

- v. Make every reasonable effort to determine and resolve inconsistencies in the responses of Class Members.

- w. Provide Class Counsel and EQT weekly updates regarding the names, attributable volumes, and total number of Class Members who Opt-Out.

- x. Determine whether the Minimum Required Approval Percentage has been met and issue a final report to provide Class Counsel and EQT containing the names, attributable volumes, and total number of Class Members who Opt-Out.

The Notice Expert assisted in planning the notice to the class and approved the notice that was given in the case.[2]

The Court heretofore Ordered that the net settlement fund be distributed in accordance with the Settlement Agreement (Doc. Id. 745.) The settlement amount was arrived at by first calculating the amount of deductions taken from each class member over the class period. The Settlement Agreement required that the disbursements were to be made to the class based upon each lessor's proportionate share of the Fund, less (1) attorney fees; (2) costs of litigation; (3) class representatives' compensation and (4) less the sum of the "minimum payment" to some class members whose claim was less than or equal to $200.00. *Id*. pp. 12-14. The Settlement Administrator reports the following[3]:

1. That, except for the situations identified below, the first payment of 75% of each class members' part has been paid as required by the Settlement Agreement and the Notice to the Class.

2. That the Administrator has now complied with the requirements of the Court's Order and provided the best notice practicable in accordance with the court approved notice plan in order to provide notice to as many class members as reasonably possible, given the data and information available.

3. (a) Based upon EQT's data and information provided to Administrator, the Administrator reported that the class members have been accounted for to the best of their ability; and (b) the amount of deductions per each class member has been determined to the best of Administrator's ability.

---

[2] *See* Order (Doc. Id. 767, pp. 9-10.)
[3] See Attached Exhibit A.

4. The claims deadline has now expired. The Administrator reports, therefore, that the final disbursement of the remaining funds to the class is now determinable and that the funds should be paid to the class in preparation for the conclusion of the Administration. The following is the present status of the overall accounting of the class administration:

(a) The total class deductions were $46,244,367.48.

(b) Total class deductions exceeded the $46.2 million threshold, per Section VI.F of the Settlement Agreement, by $44,367.48.

(c) The total interest earned as of June 1, 2020 is $267,675.58.

(d) Per Section V1.A of the settlement agreement "all interest accrued will be used first to make settlement payments before implementing Section II E (5). Section II E (5) provides that if there were errors of data and information provided to plaintiffs in this litigation which causes the total deduction of the total class to exceed $46.2 million," then EQT will pay additional sums to match the short fall. The interest earned in the account is sufficient to more than cover the total deductions in excess of $46.2 million, which is the sum of $44,367.48

(e) All opt outs have been accounted for, however, there are persons who have been noticed but have not responded. Those who have not made claims total $3,354,761.54 as monies not claimed by the lessors as identified by EQT. Since these class members have not filed claims within the deadline, they have forfeited the right to participate in the settlement and the money allocated to them will remain in the settlement fund for distribution to the class.

(f) Filed claims represent 90.22% of the settlement dollars to be distributed.

(g) There remain only four **open** "owner inquiries" that are currently being resolved. The settlement value for these claims is de minimis compared to the amount to be distributed. Therefore, it does not warrant delay on payment of the other claims which are ready for payment. The following is a summary of these issues:

   1. Lewis Blakely, Owner 1128132: Received royalty payment from EQT, however, may not be in the class.
   2. The Grimm Family, Owner 113333: Ownership interest is not properly transferred from agent; therefore, 5 additional $200 minimum payments are requested by beneficiaries instead of a single payment to decedent
   3. Carol Hanlon, Owner 1126748: This is a dispute over who is the rightful owner.

        4.     Charles Eastham, Owner 285555. The wells acquired by EQT from the producer were not listed as "excluded" in the settlement. The claim is subject to validation by EQT of whether they are in the class or not.

(h)    There exists five hundred fifty-nine (559) lessors who have claims filed that the Administrator has determined to be valid claim forms, but which require additional documents or signatures to complete. Four hundred fifty (450) are deceased lessors. Four hundred and ninety-five (495) of the five hundred fifty-nine (559) are for $200 minimum payments. The outstanding amount for all five hundred fifty-nine (559) is $254,417.82. The Administrator recommends that this total sum and the $2,000 above should be placed in an escrow account dedicated to the five hundred fifty-nine (559) lessors or their estates while waiting for the documents to be provided to the Administrator. Once the escrow is established, then the remaining funds should be distributed to the class. Should there be any claims which ultimately are not complete and not paid, then the parties will seek additional Court approval for the appropriate distribution of any remaining money.

5.     The Settlement Fund was for $53.5 million. After attorney fees, costs and class representative fees, the net amount totaled $34,305,349.70, left to be distributed to the class. The first determination was to identify of class members whose claims were for $200 or less than $200. There were 6,808 $200 minimum claims. Once the $200 minimum claims were deducted from the net remaining in the Fund, the remaining claim amounts were determined to be $32,943,749.70. As per the Settlement Agreement, the amounts for each class member were determined on a proportional bases, based upon the disallowed deductions compared to the total in the net fund. The distribution plan required a First Stage Payment of 75% of the net Settlement Fund and then after all opt outs and corrections as to owners who participated in the settlement were determined, the remaining moneys in the Settlement Fund are required to be distributed proportionately in accordance with the Settlement Agreement.

6.     Therefore, there is $12,856,722.31 remaining in The Fund. This amount needs adjusted to add $44,367.48 to satisfy Section VI(F) Data Verification and Maximum Contribution. The latter is subject, however, to the same being paid out of accumulated interest in The Fund as provided for in Section II E(5). There exists more than sufficient interest income in The Fund to

satisfy the additional sum owed.  Therefore, the remaining net Funds total equals $12,901,089.79. The interest remaining at the present time in the Fund, after deducting the $44,367.48 is $223,308.10.

Therefore, the plaintiffs move the Court to grant approval for final distribution of the Fund and the placement of outstanding claims in an escrow to await final processing.  There are only minor issues outstanding with four class members not being resolved fully with respect to distribution of the Fund. As set forth above, the plaintiff and the Administrator represent that the final distribution of the net settlement proceeds should not be delayed further, that the $2,000 plus the $254,417.82 should be placed in escrow to be distributed by the Administrator when the documentation is provided by the lessors and/or their estates. That permits distribution now of $12,644,671.97 to lessors who have legitimate claims and are awaiting the final distribution of their claims.

## **Conclusion**

Plaintiffs, therefore, move the Court to Order that the Administrator distribute the remaining funds in accordance with the Settlement Agreement and the Court Order approving same and for such other further and general relief as the Court deems just and proper.

                THE KAY COMPANY, LLC, et al.

                By Counsel

Respectfully submitted:


/s/ Marvin W. Masters
Marvin W. Masters (WV Bar No. 2359)
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
Counsel for Plaintiffs

Michael W. Carey (WV Bar No. 635)
Carey, Scott, Douglas & Kessler, PLLC
707 Virginia Street, Suite 901
Charleston, West Virginia  25301
Counsel for Plaintiffs

F:\5\903\mo060.docx

**CERTIFICATE OF SERVICE**

  I, Marvin W. Masters, hereby certify that on June 19, 2020, I electronically filed "Joint Motion to Disburse Final Payment" with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following CM/ECF participants:

>David K. Hendrickson
>Carl L. Fletcher, Jr.
>Hendrickson & Long PLLC
>214 Capitol Street
>Post Office Box 11070
>Charleston, West Virginia  25339
>daveh@handl.com
>cfletcher@handl.com
>Counsel for Defendants

                 /s/ *Marvin W. Masters*
                 Marvin W. Masters (WV Bar No. 2359)
                 Richard A. Monahan
                 West Virginia State Bar No. 6489
                 The Masters Law Firm lc
                 181 Summers Street
                 Charleston, West Virginia  25301
                 mwm@themasterslawfirm.com
                 ram@themasterslawfirm.com